UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DISTRICT AT DAYTON

| | |
|---|---|
| Stephanie Carter, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br><br><br>    -v.-<br>RMP, LLC and<br>John Does 1-25,<br><br>      Defendant(s). | C.A. No:<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff Stephanie Carter (hereinafter "Plaintiff") brings this Class Action Complaint by and through her attorneys, Zukowsky Law, LLC against Defendant RMP (hereinafter "Defendant RMP"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION

1. Congress enacted the Fair Debt Collection Practices Act ("FDCPA" or the "Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal

1

bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws ·were inadequate. *Id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred and where Plaintiff resides.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Ohio consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Ohio, County of Montgomery, with an address at 6825 Deer Ridge Drive, Huber Heights, Ohio 4524.

8. Defendant RMP is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and as used in the FDCPA with an address at 8085 Knue Rd., Indianapolis, IN 46250.

9. Upon information and belief, Defendant RMP is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11. Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

    a. all individuals with addresses in the State of Ohio;

    b. to whom Defendant RMP sent a collection letter attempting to collect a consumer debt;

    c. that directed the recipient of the collection letter to send a dispute to multiple, contradictory addresses;

    d. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf it attempts to collect debts and/or has purchased debts.

14. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibits A, violate 15 U.S.C. §§ 1692e.

16. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. § 1692e.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the members of the Plaintiff Class. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class insofar as Plaintiff has no interests that are adverse to the absent members of the Plaintiff Class. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single

forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member and in that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

21. Some time prior to September 24, 2020, an obligation was allegedly incurred to St. Elizabeth Healthcare- Epic.

22. The St. Elizabeth Healthcare- Epic obligation arose out of an alleged debt for transactions primarily for personal, family or household purposes.

23. The alleged St. Elizabeth Healthcare- Epic obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

24. St. Elizabeth Healthcare- Epic is a "creditor" as defined by 15 U.S.C. § 1692a(4).

25. Defendant RMP, contracted with the St. Elizabeth Healthcare- Epic to collect the alleged debt.

26. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation – September 24, 2020 Collection Letter*

27. On or about September 24, 2020, Defendant sent the Plaintiff a collection letter (the "Letter") regarding the alleged debt owed to St. Elizabeth Healthcare- Epic. A true and correct copy of the Letter is attached hereto as Exhibit A.

28. The letter states the required notices under § 1692g and directs the Plaintiff to send any disputes or requests to Defendant's office.

29. However, besides the office address listed at the top of the letter, the bottom of the Letter contains a payment slip and states two completely different addresses for the Defendant: 1) ONCOAS12, PO Box 1280, Oaks PA 19456-1280 and 2) RMP, LLC, PO BOX 630844, CINCINNATI, OH 45263-0844.

30. The Letter directs the Plaintiff to two completely different addresses for sending a dispute.

31. The Letter is deceptive and misleading by stating two completely different addresses for sending a dispute.

32. The Letter is confusing and deceptive because it does not clearly indicate how the Plaintiff can properly make a dispute.

33. For example, if Plaintiff were send the dispute to an incorrect address, it is entirely possible that the dispute would not be properly adhered to.

34. There is no instruction or clarification in the letter how the Plaintiff can properly dispute the debt, nor does the Letter state that both addresses would be acceptable.

35. This language is false and deceptive as Plaintiff was unable to determine to which address the disputes should be sent.

36. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

37. Defendant's deceptive, misleading and unfair representations with respect to its collection effort were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to the Defendant's demand for payment of this debt.

38. Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

39. Plaintiff was confused and misled to her detriment by the statements in the dunning letter, and relied on the contents of the letter to her detriment.

40. As a result of Defendant's deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e
*et seq.*

41. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

42. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

43. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

44. Defendant violated § 1692e:

   a. As the Letter it is open to more than one reasonable interpretation, at least one of which is inaccurate.

   b. By making a false and misleading representation in violation of §1692e(10).

45. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, and Plaintiff is entitled to an award of actual damages, statutory damages, costs and attorneys' fees.

## COUNT III

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

46. Plaintiff repeats the above allegations as if set forth herein.

47. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

48. Pursuant to 15 U.S.C. § 1692g:

   Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

   1. The amount of the debt;

   2. The name of the creditor to whom the debt is owed;

   3. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any

      portion thereof, the debt will be assumed to be valid by the debt-collector;

4. A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

5. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

49. Defendant violated this section by providing multiple addresses and not identifying which one to use for disputing the debt, thereby failing to provide the proper notice required by §1692g in an initial collection letter.

50. Defendant further violated this section by misrepresenting the amount and status of the debt, in violation of § 1692 g (1).

51. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**DEMAND FOR TRIAL BY JURY**

52. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Stephanie Carter, individually and on behalf of all others similarly situated, demands judgment from Defendant RMP, LLC as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Amichai E. Zukowsky, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Respectfully Submitted,

**ZUKOWSKY LAW, LLC**

/s/ Amichai E. Zukowsky
Amichai E. Zukowsky, Esq.
23811 Chagrin Blvd., Ste 160
Beachwood, OH 44122
Phone: (216) 800-5529
ami@zukowskylaw.com
*Attorneys For Plaintiff*